**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALI ALFOROOKH, | ) | No. 13-08077 (DRC) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:**  **October 2, 2018** |
| | ) | **Hearing Time:**  **9:30 a.m.** |
| | ) | **Room No.:**  **619** |

**COVER SHEET FOR SUPPLEMENTAL FINAL CHAPTER 7
APPLICATION OF ALAN D. LASKO & ASSOCIATES, P.C FOR
<u>ALLOWANCE OF COMPENSATION AND EXPENSES</u>**

Name of Applicant:           Alan D. Lasko & Associates, P.C.

Authorized to Provide        Frances Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:    ALI ALFOROOKH

Period for Which             May 18, 2015 through February 28, 2018
Compensation is Sought:

Amount of Fees Sought:       $         22,502.10

Amount of Expense            $            291.65
Reimbursement Sought:

This is a:                        Supplemental Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $ 226,732.19

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALI ALFOROOKH, | ) | No. 13-08077 (DRC) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:**    **October 2, 2018** |
| | ) | **Hearing Time:**    **9:30 a.m.** |
| | ) | **Room No.:**    **619** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **October 2, 2018**, at **9:30 a.m.**, soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling in his usual Courtroom No. 619, in the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present **Supplemental Final Chapter 7 Application of Alan D. Lasko & Associates, P.C. for Allowance of Compensation and Expenses.**

Dated: August 30, 2018

                                               Respectfully submitted,

                                               FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of ALI ALFOROOKH,

                                               By:    /s/ *Micah R. Krohn*
                                                            One of her attorneys

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Ali Alforookh Bankruptcy Estate | ) | No. 13 B 08077 |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Donald R. Cassling |

## SUPPLEMENTAL FINAL CHAPTER 7 APPLICATION
## OF ALAN D. LASKO & ASSOCIATES, P.C.
## FOR ALLOWANCE OF COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C. ("ADLPC")**, Certified Public Accountants, request supplemental final Chapter 7 compensation of $22,502.10 and expenses of $291.65 for the time period from May 18, 2015 through February 28, 2018. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this Supplemental Final Chapter 7 Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

On February 28, 2013 (the "Petition Date"), each of the Debtors filed voluntary Chapter 7 bankruptcy petitions in this Court. On March 4, 2013, the Court entered an order authorizing the joint administration of the Debtors' cases.

The work reflected in this fee petition relates primarily to responding to various Internal Revenue Service notices on a per restaurant basis. Aspects of these responses include the Internal Revenue Service indicating that prior payroll tax returns handled by the various payroll services were not received, civil penalties being charged and then abated, payroll tax returns being corrected for deposits reflected but the checks bounced and, reconciling W-2s that were filed with the quarterly

2

withholding tax forms. In addition, the Trustee reviewed her file and noted that more than several 505B letters were not received from the Internal Revenue Service. The Applicant incurred time working with Chicago Special Procedures to obtain those letters as had been requested.

The Debtor owned, either directly or indirectly, certain IHOP restaurants (collectively, the "Restaurants") pursuant to franchise agreements, and other leases and agreements (collectively, the "Agreements") with IHOP Franchising, LLC; IHOP Franchise Company, LLC; IHOP Properties, LLC; IHOP Property Leasing, LLC; IHOP IP, LLC; and International House of Pancakes, LLC (collectively, "IHOP").

After the Petition Date, the Debtors continued to operate their businesses and manage their property as debtors-in-possession. On April 28, 2014, IHOP filed its Motion for Appointment of a Chapter 7 Trustee, and on May 20, 2014, the Court entered its order confirming the Applicant as the accountants for the Chapter 7 Trustee for each of the Debtors' estates.

Also, on May 20, 2014, the Court entered an order (amended on May 22, 2014), substantively consolidating the following Debtors' cases:

- A & F Enterprises, Inc. II (Case No. 13-07930)
- AEA Enterprises, Inc. (Case No. 13-07983)
- AEE Enterprises, Inc. (Case No. 13-07990)
- East Peoria Enterprise, Inc. (Case No. 13-07995)
- Elham, Inc. (Case No. 13-24546)
- ElSayed, Inc. (Case No. 13-08057)
- Halima I, Inc. (Case NO. 13-08013)
- Mahmoud, Inc. (Case No. 13-08049)
- Sabah Restaurant, Inc. (Case No. 13-08028)

On August 5, 2014, the Court entered an order to convert these cases to one under Chapter 7.

It should be noted that there are 20 entities including the individual bankruptcy estate of Ali Alforookh in this work. Of these entities, 8 are reflected as C Corporations, 11 are reflected as S Corporations and one is an individual bankruptcy estate for tax purposes. It should also be noted that several of the C Corporations per the debtor's prior returns were S Corporations per the Internal Revenue Service records.

- A & F Enterprises
- AEA Enterprises
- AEE Enterprises
- Estate of Ali Alforookh
- AbuBecker
- Abdallah, Inc.
- East Peoria Enterprises
- Elham, Inc.
- ElSayed, Inc.
- Fatma Enterprises
- Halima, Inc.
- Ibriham, Inc.
- Janesville Enterprises
- Mahmoud, Inc.
- Narmeen, Inc.
- Sabah Restautant
- Seham, Inc.
- Shaheen, Inc.
- Westchester Enterprises
- Yasmeen, Inc.

**FEE APPLICATION**

The fees sought by this Supplemental Final Chapter 7 Application reflect an aggregate of 96.2 hours of ADLPC's time spent and recorded in performing services during the Supplemental Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which Supplemental Final Chapter 7 compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADLPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

5

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 2.8 hours in the preparation of this fee Application.

    Cost                  $370.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.8 | $ 300.00 | $ 240.00 |
| C. Wilson, Staff | 2.0 | 65.00 | 130.00 |
|  | 2.8 |  | $ 370.00 |

The Applicant will follow up regarding these entities.

A recap of compensation for this category is as reflected in Exhibit D-2.

## RESPOND TO TAX AUTHORITIES

The Applicant incurred 93.4 hours performing responses to the Social Security Administration and the Internal Revenue Service.

The work reflected in this fee petition relates primarily to responding to various Internal Revenue Service notices on a per restaurant basis. Aspects of these responses include the Internal Revenue Service indicating that prior payroll tax returns handled by the various payroll services were not received, civil penalties being charged and then abated, payroll tax returns being corrected for deposits reflected but the checks bounced and, reconciling W-2s that were filed with the quarterly withholding tax forms. In addition, the Trustee reviewed her file and noted that more than several

6

505B letters were not received from the Internal Revenue Service. The Applicant incurred time working with Chicago Special Procedures to obtain those letters as had been requested.

The work was in part successful for a number of penalties being prevented from being charged. In addition, approximately $64.000 of penalties/potential penalties were abated.

Cost    $22,132.10

A recap of compensation for this category is as reflected in Exhibit D-1.

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 7.2 | $ 300.00 | $ 2,160.00 |
| A. Lasko | 6.1 | 288.00 | 1,756.80 |
| A. Lasko | 3.9 | 284.00 | 1,107.60 |
| D. Konomidis, Tax Supervisor | 22.3 | 270.00 | 6,021.00 |
| D. Konomidis, Tax Supervisor | 29.8 | 240.00 | 7,152.00 |
| D. Konomidis, Tax Supervisor | 4.3 | 230.00 | 989.00 |
| K. Seyller, Senior | 5.1 | 170.00 | 867.00 |
| K. Seyller, Senior | 0.9 | 160.00 | 144.00 |
| K. Seyller, Senior | 12.3 | 148.00 | 1,820.40 |
| D Stefanczuk, Staff | 0.9 | 84.00 | 75.60 |
| C. Wilson, Staff | 0 3 | 65 00 | 19.50 |
| C. Wilson, Staff | 0 3 | 64.00 | 19 20 |
|  | 93.4 |  | $ 22,132.10 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

|                  |       |   |       |
|------------------|-------|---|-------|
| Owner            | $290  | - | $300  |
| Manager/Director | 260   | - | 300   |
| Supervisors      | 180   | - | 290   |
| Senior           | 140   | - | 180   |
| Assistant        | 65    | - | 140   |

A recap of compensation for the categories are as follows:

|                          | First Interim Chapter 11 | First Interim Chapter 7 | Second and Final | Supplemental Final | Total |
|--------------------------|---:|---:|---:|---:|---:|
| Billing                  | $ 2,226.00 | $ 2,004.00 | $ 2,255.00 | $ 370.00 | $ 6,855.00 |
| Tax Preparation          | 4,576.60 | 68,616.10 | 91,554.40 | - | 164,747.10 |
| Payroll Tax Work         | 5,370.40 | 6,592.00 | 473.60 | - | 12,436.00 |
| Respond to Tax Authorities | 394.80 | - | 4,123.60 | 22,132.10 | 26,650.50 |
| Cash Management          | 48,064.30 | 18,770.90 | - | - | 66,835.20 |
| Sales Tax Work           | 3,962.20 | 942.00 | - | - | 4,904.20 |
| Claims Work              | 1,458.40 | 478.80 | - | - | 1,937.20 |
| Operating Reports        | 17,508.20 | 28,823.10 | - | - | 46,331.30 |
| Net Request              | $ 83,560.90 | $ 126,226.90 | $ 98,406.60 | $ 22,502.10 | $ 330,696.50 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---:|---:|---:|
| Billing | 49.50 | $ 6,855.00 | $ 138.48 |
| Tax Preparation | 1,388.90 | 164,747.10 | 118.62 |
| Payroll Tax Work | 87.70 | 12,436.00 | 141.80 |
| Respond to Tax Authorities | 120.60 | 26,650.50 | 220.98 |
| Cash Management | 503.00 | 66,835.20 | 132.87 |
| Sales Tax Work | 38.50 | 4,904.20 | 127.38 |
| Claims Work | 15.80 | 1,937.20 | 122.61 |
| Operating Reports | 420.40 | 46,331.30 | 110.21 |
| Net Request | 2,624.40 | $ 330,696.50 | $ 126.01 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount

8

actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

A recap by function is as follows:

|  | First Interim Chapter 11 | First Interim Chapter 7 | Second and Final | Supplemental Ffinal | Total |
|---|---|---|---|---|---|
| Tax Preparation | $ 73.76 | $ 1,053.02 | $ 566.13 | $ - | $ 1,692.91 |
| Cash Management | - | 211.20 | - | - | 211.20 |
| Operating Reports | - | 48.30 | - | - | 48.30 |
| Respond to Tax Authorities | - | - | 220.04 | 291.65 | 511.69 |
|  | $ 73.76 | $ 1,312.52 | $ 786.17 | $ 291.65 | $ 2,464.10 |

A recap by category for all petitions are as follows:

|  | Prior | Final | Supplemental | Total |
|---|---|---|---|---|
| Copy Costs | $ 725.30 | 572.40 | $ 111.50 | $ 1,409.20 |
| Postage | 419.80 | 132.35 | 180.15 | 732.30 |
| Delivery | 198.82 | 81.42 | - | 280.24 |
| Overnight | 26.36 | - | - | 26.36 |
| Local Travel | 16.00 | - | - | 16.00 |
|  | $ 1,386.28 | $ 786.17 | $ 291.65 | $ 2,464.10 |

See Exhibit D2 for expense recap for this petition.

| Date of Service | Compensation | Expenses |
|---|---|---|
| 05/20/14-08/15/14 | $ 83,560.90 | $ 73.76 |
| 08/15/14-05/18/15* | 126,226.80 | 1,312.52 |
| 05/18/15-12/16/15 | 98,406.60 | 786.17 |

*Through April 30, 2015 with billing time at May 18, 2015.

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the

9

complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Supplemental Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this Supplemental Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the supplemental final compensation sought herein for the Compensation Period is warranted.

**CONCLUSION AND REQUEST FOR RELIEF**

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested supplemental

final Chapter 7 compensation of $22,502.10 and expenses of $291.65 should be allowed for services by your Applicant for the period May 18, 2015 through February 28, 2018.

_____
Alan D. Lasko
Alan D. Lasko & Associates, P.C.
205 West Randolph Street
Suite 1150
Chicago, Illinois 60606
(312) 332-1302

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Ali Alforookh Bankruptcy Estate | ) | No. 13 B 08077 |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Donald R. Cassling |

## AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
                 )     SS.
COUNTY OF COOK  )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1. I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Frances Gecker, Chapter 7 Trustee in this case ("Trustee").

2. I have read the Supplemental Final Chapter 7 Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Lasko has previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

4.  Affiant has previously received funds in a first and final Chapter 11 fee application as follows:

| Date of Service | Compensation | Expenses |
|---|---|---|
| 05/20/14-08/15/14 | $ 83,560.90 | $ 73.76 |
| 08/15/14-05/18/15* | 126,226.80 | 1,312.52 |
| 05/18/15-12/16/15 | 98,406.60 | 786.17 |

*Through April 30, 2015 with billing time at May 18, 2015.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this ___28th___ day of February, 2018.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC  STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/10/20

14