**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALI ALFOROOKH, | ) | No. 13-08077 (DRC) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:**   **October 2, 2018** |
| | ) | **Hearing Time:**   **9:30 a.m.** |
| | ) | **Room No.:**       **619** |

<u>**NOTICE OF HEARING**</u>

PLEASE TAKE NOTICE THAT on **October 2, 2018**, at **9:30 a.m.**, we shall appear before the Honorable Donald R. Cassling, or such other judge as may be sitting in his stead, in Courtroom 619 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **Second and Final Fee Application of FrankGecker LLP, Counsel to Frances Gecker, Chapter 7 Trustee of the Estate of Ali Alforookh**, a copy of which is attached hereto and hereby served upon you.

Dated:  August 30, 2018

FRANCES GECKER, solely as Chapter 7
Trustee of ALI ALFOROOKH

By:_____ /s/ *Micah R. Krohn*_____
One of her attorneys

Micah R. Krohn (IL ARDC #6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)
mkrohn@fgllp.com

{AF/001/00045269.DOC/4}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALI ALFOROOKH, | ) | No. 13-08077 (DRC) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:**     **October 2, 2018** |
| | ) | **Hearing Time:**     **9:30 a.m.** |
| | ) | **Room No.:**     **619** |

**COVER SHEET FOR SECOND AND FINAL FEE APPLICATION OF
FRANKGECKER, LLP, COUNSEL TO FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE ESTATE OF ALI ALFOROOKH**

Name of Applicant:                             FrankGecker LLP

Authorized to Provide Professional Services to:     Frances Gecker, Chapter 7 Trustee of
                                                     ALI ALFOROOKH

Date of retention:                             May 20, 2014 retroactive to May 9, 2014

Period for which compensation and              January 1, 2015 through June 29, 2018
reimbursement is sought:

                                                            $74,027.50

Amount of Fees Sought:
Amount of Expense                                            $752.84
Reimbursement Sought:

The aggregate amount of fees and expenses *paid* to FrankGecker LLP to date for services rendered and expenses incurred in connection with Case No. 13-08077 is: $60,425.66

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALI ALFOROOKH, | ) | No. 13-08077 (DRC) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hon. Donald R. Cassling |
| | ) | |

**SECOND AND FINAL FEE APPLICATION OF FRANKGECKER, LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF ALI ALFOROOKH**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Ali Alforookh, Case No. 13-08077 ("Alforookh"), hereby submits this second and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 507(a)(1) for legal services performed and expenses incurred as the Trustee's attorneys in connection with Mr. Alforookh's individual case, Case No. 13-08077 during the period commencing January 1, 2015 through and including June 29, 2018 (the "Application Period"). In support hereof, FG respectfully represents as follows:

## INTRODUCTION

On February 28, 2013 (the "Petition Date"), A & F Enterprises, Inc., II and its affiliated debtors (collectively, the "Debtors") filed voluntary Chapter 11 bankruptcy petitions in this Court. On March 4, 2013, the Court entered an order authorizing the joint administration of the Debtors' cases under the lead case of A&F Enterprises, Inc., II, Case No. 13-07930 [Dkt. No. 16].

{AF/001/00045269.DOC/4}

Prior to the Petition Date, the Debtors owned, at various times, either directly or indirectly, between 15 and 20 IHOP restaurants (collectively at any given time, the "Restaurants") pursuant to franchise and related agreements with IHOP Franchising, LLC and certain of its affiliates (collectively, "IHOP"). In addition to the Restaurants, Mr. Alforookh individually owned the following non-debtor entities (collectively, the "Alforookh Entities"):

- Janesville Enterprises, Inc., 3000 Deerfield road, Janesville, WI
- Seham, Inc., 1110 Miller Park Way, West Milwaukee, WI
- Shaheen I, Inc., 5014 N. Big Hollow Road, Peoria, IL
- Yasmeen, Inc., 2415 S. Oneida Street, Green Bay, WI
- Narmee, Inc., 4101 W. Wisconsin Ave., Grand Chute, WI
- Ibrahim, Inc., 1400 S. Koeller Street, Oshkosh, WI

Prior to being liquidated by the Trustee, Mr. Alforookh's ownership interests in the Alforookh Entities constituted property of his individual bankruptcy estate.

On April 28, 2014, IHOP filed its Motion for Appointment of a Chapter 11 Trustee (the "Chapter 11 Trustee Motion") after negotiations between IHOP and the Debtors aimed at establishing a procedure for selling the Restaurants failed.  On May 8, 2014, the Court granted the Chapter 11 Trustee Motion and on May 12, 2014, the Court entered an order confirming Frances Gecker's appointment as Chapter 11 trustee for the Debtors' estates.

On May 20, 2014, the Court entered an order (amended on May 22, 2014), substantively consolidating the cases of the following Debtors, which owned operating Restaurants:

- A & F Enterprises, Inc. II (Case No. 13-7930)
- AEA Enterprises, Inc. (Case No. 13-7983)
- AEE Enterprises, Inc. (Case No. 13-7990)
- East Peoria Enterprise, Inc. (Case No. 13-7995)
- Elham, Inc. (Case No. 13-24546)
- ElSayed, Inc. (Case No. 13-8057)
- Halima I, Inc. (Case No. 13-8013)
- Mahmoud, Inc. (Case No. 13-8049)
- Sabah Restaurant, Inc. (Case No. 13-8028)

Upon her appointment, the Trustee took control over the management of the Restaurants, and in consultation with High Ridge Partners, Inc., the Debtors' Bankruptcy Court-approved sale advisors, marketed the Restaurants for sale. On June 17, 2014, this Court entered an order approving the sale of the Restaurants (the "Sale") to Siyavoush Soleimani and Farshad Ashoori for the purchase price of $3,150,000, subject to adjustments. The Sale closed on June 20, 2014.

On August 5, 2014, the Court granted the Trustee's motion to convert the Debtors' cases to chapter 7 [Dkt. No. 668]. Thereafter, the Trustee and her counsel focused their efforts on resolving outstanding issues in the substantively consolidated cases and selling the remaining real estate and personal property of Mr. Alforookh's estate.  Resolving this case was delayed for a significant period while the Trustee resolved outstanding tax issues with the Internal Revenue Service.

This Application sets forth in detail the work performed by FG and the time spent in connection with Mr. Alforookh's individual case, Case No. 13-08077, from January 1, 2015 through June 29, 2018. To aid the Court in its review of the Application, FG has divided the Application into three parts. Part I describes the practical and legal issues encountered by FG, and the actions taken, and results obtained by FG. Part II describes counsel's qualifications and areas of special expertise. Part III describes the manner in which the fees and costs were calculated.

I.      **SERVICES PERFORMED**

A.      **Administration**                                                    **$16,932.00**

Trustee's counsel spent **40.40** hours at a cost of **$16,932.00** on general case administration matters. After the sale of property of Mr. Alforookh's individual estate, FG expended time on matters involved in winding up matters relating to Mr. Alforookh's interest

and responsible person tax liability in connection with the Restaurants, including miscellaneous payroll matters, tax claims and potential misdirection of rents. Additionally, counsel collected and reviewed the documents necessary for preparing the monthly operating reports and performed legal research regarding various tax issues.

### B.     Claims Review/Claims Objections                    $21,112.50

Counsel spent **48.10** hours at a cost of **$21,112.50** in reviewing claims and analyzing claims against Mr. Alforookh's individual estate, including administrative claims by IHOP, taxing authorities and other interested parties.  Additionally, FG objected to the claims of the Wisconsin Department of Revenue ("WDOR") and the Illinois Department of Revenue (the "IDOR") regarding their alleged Chapter 11 administrative claims.  Ultimately, WDOR withdrew its Chapter 11 administrative claim and classifying IDOR's claims as priority unsecured claims.

### C.     Court Appearances                                   $1,875.00

Counsel spent **4.20** hours at a cost of **$1,875.00** preparing and attending court hearings on motions to sell real estate assets, the Trustee's motion to amend judgment and the Trustee's objections to claims.

### D.     Retention of Professional/Fee Applications          $5,018.00

Counsel spent **17.40** hours at a cost of **$5,018.00** preparing and filing fee applications on behalf of the Trustee's professionals.

### E.     Sale of Real Estate                                 $29,090.00

Counsel spent **68.60** hours at a cost of **$29,090.00** on the sale of real estate owned by Mr. Alforookh's individual estate. On his Bankruptcy Schedule A, Mr. Alforookh disclosed the following two parcels of real property (together, the "Alforookh Properties"): (1) 425 Southwest

Highway, Oak Lawn, IL, encumbered by a mortgage in the amount of $310,000.00, and value

unknown; and (2) 11174 S. Columbus Drive, Worth, IL, unencumbered, and value unknown.

This category includes time spent on issues relating to the negotiation and sale of the

Alforookh Properties, including the approval of the sales by the Bankruptcy Court, and issues

related to the closings. The sales of the Alforookh Properties generated over $100,000 for

distribution to the estate.

## II.      ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A.      Micah R. Krohn (MRK) is senior counsel at FrankGecker with twenty-five years

of experience providing legal services in the bankruptcy arena.  Mr. Krohn graduated from the

Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz from 1992-

1994.  Mr. Krohn has been involved in the day-to-day representation of the Trustee.

B.      Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker.  Ms. Smith

assisted counsel in case research and case administration.

C.      Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A

graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working

in bankruptcy matters in debtor, creditor and trustee cases. Mr. Matlock assisted counsel in case

research and case administration.

## III.     CALCULATION OF TIME AND FEES

This is FG's Second and Final Application for compensation and reimbursement of

expenses in representing the Trustee in Case No. 13-08077. It covers the period from January 1,

2015 to and including June 29, 2018. All professional services for which compensation is

requested herein, and all reimbursement for expenses incurred, have been for services directly

related to Case No. 13-08077 and were rendered for the benefit of the Trustee and Mr.

Alforookh's individual estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, the attorneys and paralegals at FG have spent a total of 178.70 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $74,027.50 for actual, necessary legal services performed, as itemized in **Exhibit A**. The average hourly rate is $346.00. In addition, counsel has expended the sum of $752.84 for actual, necessary expenses incurred in representing the Trustee, as itemized in **Exhibit A**.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not

result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.     Allowing FrankGecker LLP final compensation for legal services provided in connection with Case No. 13-08077 in the amount of **$74,027.50**;

B.     Allowing FrankGecker LLP final reimbursement of expenses incurred in connection with Case No. 13-08077 in the amount of **$752.84**;

C.     Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of **$74,780.34**; and

D.      Granting such other relief as the Court deems just and equitable.

Dated:  August 30, 2018

Respectfully submitted,

FRANKGECKER, LLP

By:_____/s/ *Micah R. Krohn*_____
              Senior Counsel

Frances Gecker (IL Bar No. 6198450)
Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035
fgecker@fgllp.com
mkrohn@fgllp.com